NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CHARLES H., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, J.B., A.B., *Appellees.*

No. 1 CA-JV 19-0326
FILED 4-30-2020

Appeal from the Superior Court in Maricopa County
No. JD528730
The Honorable Karen L. O'Connor, Judge (Retired)

**AFFIRMED**

COUNSEL

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Doriane F. Neaverth
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Chief Judge Peter B. Swann joined.

---

**H O W E**, Judge:

¶1            Charles H. ("Father") appeals the juvenile court's order terminating his parental rights to his children. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            Father and Katrina B. ("Mother")[1] have two children, J.B., born in 2013, and A.B., born in 2016. In May 2015, before A.B. was born, the Department of Child Safety removed J.B. from Mother's and Father's care and petitioned for a dependency alleging substance abuse and neglect. J.B. was adjudicated dependent and the Department offered Mother and Father reunification services that only Father completed. The dependency was dismissed, and Father was awarded sole legal decision-making and physical custody of J.B.

¶3            After the first dependency action, Mother and Father continued to use drugs and Father left the children alone in Mother's care while he was at work. Father also engaged in domestic violence toward Mother in front of the children. In February 2018, the Department petitioned for dependency alleging, among other things, substance abuse and neglect by Father. The Department also took custody of the children pursuant to court order.

¶4            After learning that the Department was going to take custody of their children, Mother and Father left for California. The Department took custody of the children in California in April 2018. The children were placed in the care of their maternal grandmother, a kinship licensed foster home.

---

[1]      Mother's parental rights were also terminated, but she is not a party to this appeal.

¶5            Father was referred to TASC and Physician Services, Inc. for substance abuse testing in April 2018. Father participated in substance abuse testing once in May 2018 but did not participate again until September 2018. Between May 2018 and January 2019, Father tested seven times and tested positive for marijuana or methamphetamine each time. During this time, Father either failed to call in or failed to appear for testing more than 200 times.

¶6            The Department also referred Father to TERROS in May 2018 for substance abuse treatment. Father did not participate, and the referral was closed in October 2018. Father was referred to TERROS again in November 2018. Father completed the intake and was referred for intensive outpatient treatment. He was diagnosed with alcohol dependency disorder and informed that he needed to demonstrate sobriety from all substances, including alcohol, for six months. He was resistant and noncompliant and did not engage or actively participate in group sessions. He was closed out unsuccessfully in February 2019.

¶7            In August 2018, the juvenile court adjudicated the children dependent. That same month, Father was referred for a parent-aide. Father failed to communicate and cancelled several scheduled visits and skills sessions. He was closed out unsuccessfully in March 2019. Since then, Father participated in supervised visitation. Father was referred to individual counseling in September 2018, and he attended all scheduled sessions from October 2018 to January 2019.

¶8            In February 2019, Father self-referred to Crossroads for substance abuse treatment and earned a certificate completing the "Right Track Program" in March 2019. Father started testing negative for drugs in February 2019 but tested positive for marijuana twice in March 2019. Father tested negative for drugs from the end of March to June 2019 but failed to test in July and August 2019. Father also presumptively tested positive for alcohol in September 2019.

¶9            Father was referred to TERROS for substance abuse treatment a third time in April 2019. In May 2019, he completed an intake and was referred to the standard out-patient program. He completed that program and, at the time of the termination adjudication, was in the recovery and maintenance program.

¶10           Given a lack of progress, in April and May 2019, the court changed the case plan to severance and adoption. In May 2019, the Department moved to terminate Father's parental rights based on nine and

15 months' out-of-home placement and chronic substance abuse. The juvenile court held a termination hearing in September 2019. A Department case manager testified that the Department still had concerns about Father's substance abuse and that termination of his parental rights was in the children's best interests. Mother also testified that Father would go from being clean to using substances and that the children would not be safe in his care.

¶11        The juvenile court terminated Father's parental rights to J.B. and A.B. under A.R.S. § 8–533 (B)(8)(a), out-of-home placement for nine months; (B)(8)(b), out-of-home placement for 15 months; and (B)(3), chronic substance abuse. Father timely appealed.

**DISCUSSION**

¶12        Father challenges the juvenile court's finding that he substantially neglected or wilfully refused to remedy the circumstances that caused his children to be in an out-of-home placement for nine months. A juvenile court's termination decision is reviewed for an abuse of discretion. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47 ¶ 8 (App. 2004). "When the statutory grounds for termination are challenged, we will affirm a termination order unless we must say as a matter of law that no one could reasonably find the evidence supporting statutory grounds for termination to be clear and convincing." *Donald W. v. Dep't of Child Safety*, 247 Ariz. 9, 14 ¶ 25 (App. 2019) (quoting *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 18 (App. 2009)). Because the juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334 ¶ 4 (App. 2004), we view the evidence and draw all reasonable inferences from it in the light most favorable to sustaining the court's decision, *Jordan C.*, 223 Ariz. at 93 ¶ 18.

¶13        To terminate parental rights, the juvenile court must find by clear and convincing evidence the existence of at least one statutory ground for termination and find by a preponderance of the evidence that termination is in the child's best interests. *Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 286 ¶ 15 (App. 2016). Parental rights may be terminated when the child has been in an out-of-home placement for a cumulative period of nine months or longer and the parent has substantially neglected or wilfully refused to remedy the circumstances that caused the child to be in an out-of-home placement. A.R.S. § 8–533(B)(8)(a).

¶14 Substantial evidence supports the juvenile court's determination that Father substantially neglected or wilfully refused to remedy the circumstances that caused his children to be in an out-of-home placement. One of the circumstances that caused the children to be placed in an out-of-home placement was Father's substance abuse. The Department placed the children with their maternal grandmother in April 2018 and repeatedly offered Father substance abuse treatment and testing starting in April and May 2018. Father participated in drug testing only seven times between May 2018 and January 2019 and he tested positive for either marijuana or methamphetamine each time. He also either failed to call in or appear for drug testing during that nine-month period more than 200 times. Father was also closed out of substance abuse treatment with TERROS once in October 2018 and again in February 2019 for failing to participate. As a result, substantial evidence supports the juvenile court's determination that Father substantially neglected or wilfully refused to remedy his substance abuse. Therefore, the juvenile court did not err by terminating Father's parental rights to J.B. and A.B. for nine months out-of-home placement under A.R.S. § 8–533(B)(8)(a).

¶15 Father argues that he participated in drug testing, completed individual counseling, and self-referred to Crossroads in February 2019 for substance abuse treatment. A finding of substantial or wilful neglect is within the discretion of the juvenile court when a parent makes sporadic, aborted attempts to remedy the situation. *Maricopa Cty. Juv. Action No. JS-501568*, 177 Ariz. 571, 576 (App. 1994). Even though Father made some attempts to participate in TERROS his attempts were sporadic during the first ten months of the children's out-of-home placement and he was closed out of the service twice. Likewise, Father's drug testing was sporadic, and at times non-existent for extended periods, including from May 2018 to January 2019. And when Father did test during that period, he tested positive for either marijuana or methamphetamine.

¶16 And while Father self-referred to Crossroads for substance abuse treatment in February 2019, he continued to test positive for marijuana in March 2019. He also failed to participate in drug testing in July and August 2019, and had a presumptive positive for alcohol in September 2019, despite knowing he had a problem with alcohol and that he was supposed to maintain sobriety. Even though Father eventually participated in reunification services and completed TERROS in mid-2019, these efforts came too late. *See id.* at 577. Therefore, the juvenile court did not err by

terminating Father's parental rights to J.B. and A.B. for out-of-home placement for nine months under A.R.S. § 8–533(B)(8)(a).[2]

**CONCLUSION**

¶17        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[2]        Father does not challenge the juvenile court's finding that termination of his parental rights was in the best interests of the children and the record supports that finding. We also need not consider the remaining termination grounds. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251 ¶ 27 (2000).